**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: SHANICQUA APONTE, | : | Civil No. 2:20-cv-03610 |
| | : | Bankruptcy No. 20-10420 |

**O P I N I O N**

**Joseph F. Leeson, Jr.**  November 3, 2020
**United States District Judge**

### I.   INTRODUCTION

Before the Court is an appeal filed on July 23, 2020, by Shanicqua Aponte from the Order of the United States Bankruptcy Court for the Eastern District of Pennsylvania dated July 9, 2020.  In that Order, the Honorable Eric L. Frank denied, without prejudice, Aponte's request that the Bankruptcy Court enter an order of recusal and appoint a trustee to replace the chapter 13 trustee.  The same day the Order was filed, Aponte filed another motion for recusal.  The second motion was denied after a hearing on July 21, 2020.  No appeal was taken from that decision.  The bankruptcy docket states that Aponte was obligated to file the Designation of Record on Appeal by August 3, 2020.  By letter dated August 17, 2020, the Bankruptcy Court advised this Court that Aponte failed to timely file the Designation of Record.  On August 26, 2020, the bankruptcy case was dismissed for Aponte's failure to make plan payments.  To date, Aponte has not filed a Designation of Record on Appeal.

### II.   LEGAL STANDARDS

Federal Rule of Bankruptcy Procedure 8002(a) provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."  "A notice of appeal filed after the bankruptcy court announces a decision or order— but before entry of the judgment, order, or decree—is treated as filed on the date of and after the

entry." *Id.* The time in which an appeal must be taken, as provided by Rule 8002, is a jurisdictional requirement" See *In re Caterbone*, 640 F.3d 108, 111-12 (3d Cir. 2011).

Federal Rule of Bankruptcy Procedure 8009(a) states: "[t]he appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented . . . within 14 days after: (i) the appellant's notice of appeal as of right becomes effective under Rule 8002; or (ii) an order granting leave to appeal is entered." Before dismissing an appeal for an appellant's failure to comply with Rule 8009 of the Federal Rules of Bankruptcy Procedure, the district court must consider a variety of factors and explain its reason for dismissing the appeal. *See J&V Developers, Inc. v. Malloy (In re Malloy)*, 707 F. App'x 755, 757 (3d Cir. 2017) (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868.

### III.  ANALYSIS

#### A.  An order denying a recusal motion is not a final order.

Contrary to the Bankruptcy Court's calculation, the Designation of Record was not due in early August because the order being appealed from was not final. See *In re Marasek*, 537 F. App'x 20, 20 n.1 (3d Cir. 2013) (holding that an order denying a recusal motion is not final or immediately appealable to a district court). "A refusal to recuse is reviewable only after final judgment." *Pittsburgh v. Simmons*, 729 F.2d 953, 954 (3d Cir. 1984). Aponte did not request, nor did this Court grant, leave to file an interlocutory appeal. This Court therefore lacks

jurisdiction.  *See* 28 U.S.C. § 158 (describing the cases over which district courts of the United States have jurisdiction to hear appeal).

      **B.**       **The appeal is subject to dismissal for failure to comply with Rule 8002.**

Assuming *arguendo* that this Court has jurisdiction because Aponte's interlocutory appeal became an appeal from a final order when the bankruptcy proceeding from which it arose was dismissed, the appeal is nevertheless subject to dismissal for Aponte's failure to timely file a Designation of Record on Appeal.

The first *Poulis* factor weighs in favor of dismissal because as a pro se litigant, Aponte is personally responsible for Aponte's own actions.  *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).  The second factor also weighs in favor of dismissal because the appeal was filed more than three months ago and the bankruptcy proceedings were closed more than two months ago.  *See Tidwell v. JPMorgan Chase Bank, Nat'l Ass'n (In re Prommis Holdings, LLC)*, 665 F. App'x 238, 240-41 (3d Cir. 2016) (agreeing with the district court that the appellees had been prejudiced because the bankruptcy appellant "had not advanced the appeal for four months, and had been unable to address the merits of the case due to his failure to identify issues or the record").  As to the third factor, Aponte has a history of dilatoriness.  Not only has Aponte failed to take any action in this appeal since July, but the underlying bankruptcy proceedings were dismissed due to Aponte's "unreasonable delay."  *See id.* (commenting as to the third *Poulis* factor that the pro se appellant had a history of dilatoriness, beginning with his failure to pay the filing fee in the bankruptcy court or seek an extension of time to file any of the required documents).  Regarding the fourth factor, because this Court has no explanation for Aponte's dilatoriness, it is unable to determine whether Aponte's conduct is in bad faith, but the failure to act is willful.  *See Emerson*, 296 F.3d at 191 (finding that the record supports the conclusion that

"failing to comply with the court's orders and in dragging the case out was willful and not merely negligent or inadvertent"). Fifth, monetary sanctions are not an appropriate alternative to dismissal because of Aponte's financial situation, *see id.*, and, also, because sanctions are not appropriate due to the fact that the underlying proceedings are now closed. Finally, the appeal lacks merit. The July 9, 2020 Order explains that Aponte's recusal motion is entirely conclusory and provides no particulars, in terms of time, content or context, of the conduct Aponte believes requires recusal. Aponte has offered nothing to suggest otherwise.

Accordingly, assuming this Court has jurisdiction over the July 9, 2020 Order, it is nevertheless subject to dismissal because Aponte failed to timely file a Designation of the Record on Appeal and all *Poulis* factors weigh in favor of dismissal.

## IV. CONCLUSION

Aponte filed an interlocutory appeal without leave of court; thereby depriving this Court of jurisdiction. However, even if the interlocutory appeal became final once the underlying bankruptcy proceedings were dismissed, Aponte failed to file the Designation of Record on Appeal as required by Rule 8009 of the Federal Rules of Bankruptcy Procedure and all the *Poulis* factors weigh in favor of dismissal. The appeal is therefore dismissed.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

4
110220